# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SIDNEY SOUFFRANCE,

    Petitioner,

:

Case No. 1:09-cv-217

:

  -vs-

District Judge S. Arthur Spiegel
Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
  Institution,

:

    Respondent.

---

## SUPPLEMENTAL MEMORANDUM ON DECISION AND ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY

---

    This case is before the Court on Petitioner's Objections (Doc. No. 29) to the Magistrate Judge's Decision and Order Denying Petitioner's Motion for Discovery (Doc. No. 27). The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

    Petitioner's first objection is that a magistrate judge has no authority to issue an order on a motion for discovery in a habeas corpus case, but only a report and recommendations, relying on 28 U.S.C. § 636(a)(2).  However, 28 U.S.C. § 636(b)(1)(a) authorizes a district judge to designate a magistrate judge to "hear and determine any pretrial matter" with the exception of matters designated as dispositive.  While a magistrate judge may only file a recommendation on the ultimate disposition of a habeas corpus petition, he or she has authority to rule on pretrial discovery matters.

    The Magistrate Judge's Decision declined to allow interrogatories and requests for admission

-1-

to Respondent Warden because "it is not appropriate to direct discovery of the sort sought here to the Warden when the source of information sought would be the prosecutor who prosecuted the case."  Petitioner's second objection is that he provided for this in his Instruction No. 8 to the Interrogatories which reads " 8. The terms "you" and "your" when used herein refer to Defendant Deb Timmerman-Cooper, and each of your agents, representatives, attorneys or any other person(s) acting on the party's behalf."  But the prosecutor in the case, who would be the person with the information sought in the interrogatories, is not an agent of the Warden or acting on her behalf.

Petitioner's third objection, which covers approximately five pages, is largely a verbatim copy (without identifying the source) of text from Hertz & Liebman, Federal Habeas Corpus Practice and Procedure (5th ed.), § 19.4.  It does not speak to the Magistrate Judge's ruling that the discovery sought is not pertinent to the Grounds for Relief pled in the Petition.  For example, the interrogatories seem intended to gather evidence of a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), but no *Brady* claim is pled in the Petition.  In his Objections, Souffrance argues he has shown in his Motion for Discovery that he intends to prove ineffective assistance of trial counsel and a *Brady* violation, but the Supreme Court in *Bracy v. Gramley*, 520 U.S. 899 (1997), commands district courts to measure discovery motions against the elements of the claims made in the Petition.

The Magistrate Judge therefore remains of the opinion that the discovery motion was properly denied.

January 3, 2011.

s/ **Michael R. Merz**<br>United States Magistrate Judge