# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SIDNEY SOUFFRANCE,
:
    Petitioner,                       Case No. 1:09-cv-217

:            District Judge S. Arthur Spiegel
   -vs-                            Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
 Institution,
:
    Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2254 by Petitioner Sidney Souffrance.  He was incarcerated at the Lebanon Correctional Institution when he initially filed this case, but is now at the London Correctional Institution, and its Warden, Deb Timmerman-Cooper, is substituted as the Respondent herein.

### Procedural History

In June, 2005, Petitioner was indicted on one count of rape.  After trial to a jury, he was convicted and sentenced to the seven-year term he is now serving.  On direct appeal he raised one assignment of error, claiming through counsel that the trial court had abused its discretion in admitting "gruesome and sexually explicit" photographs of the victim.  After the conviction was affirmed, he appealed *pro se* to the Ohio Supreme Court, raising three propositions of law:

> 1. Where a trial court admits gruesome and sexually explicit photographs that are more inflammatory than probative, the defendant's right to a fair trial and due process of law are violated.
>
> 2. Where appellate counsel fails to raise significant and obvious issues of constitutional magnitude, such counsel is ineffective within the meaning of the constitution.
>
> 3. Where a sentence in a criminal case is enhanced beyond the statutory maximum based upon judicial fact finding of elements never charged, admitted or proven to a jury beyond a reasonable doubt, the defendant's right to a jury trial and to due process of law are violated.

(Memorandum in Support of Jurisdiction, Ex. 14 to Return of Writ, Doc. No. 10, PageID 125.) The Ohio Supreme Court declined to exercise jurisdiction on December 26, 2007 (Return of Writ, Ex.15, PageID 135.) On March 6, 2008, Souffrance filed a motion in the trial court for leave to file an untimely petition for post-conviction relief under Ohio Revised Code § 2953.21.

Petitioner initially filed in this Court on March 25, 2009, pleading three grounds for relief (Doc. No. 7). Respondent filed an initial Return of Writ on July 8, 2009 (Doc. No. 10). On November 30, 2010, after receiving the case by transfer, the undersigned set December 30, 2010, as the date by which a reply should be filed (Doc. No. 25). Instead of filing a reply, Petitioner next filed a Motion to Amend and a Supplemental Motion to Amend (Doc. Nos. 31 & 35) which the Court granted (Doc. No. 37). Petitioner then attempted to amend twice more (Doc. Nos. 38, 39), motions the Court denied except to permit a re-wording of the Sixth Ground for Relief (Doc. No. 40). The Court then ordered an amended or supplement return of writ which was filed March 1, 2011. Petitioner's further motion to amend was denied and he eventually filed his Traverse on April 5, 2011 (Doc. No. 48). The case is thus ripe for decision.

## Analysis

The Petition contains three grounds for relief:

> **GROUND ONE**: Where trial court admits gruesome and sexually explicit photographs that's more inflammatory than probative, defendant's right to a fair trial and due process of law are violated.
>
> **Supporting Facts:** The state should not have admitted into evidence, State exhibits – 8-13 which explicitly dipict [sic] Ms. Vaughn's genital area to show various bruises and anomalies. Neither side disputes their existence, but only how they occurred. The testimony of Nurse Porter was sufficient to support the states case in that regard, and the introduction of the photos was nothing more than prurient and gratuitous inflamation of the jury.
>
> **GROUND TWO:** Ineffective assistance of counsel.
>
> **Supporting Facts:** Appellate counsel failed to raise significant and obvious issues of constitutional magnitude, and is ineffective within the meaning of the constitution.
>
> **GROUND THREE:** Sentence in a criminal case is enhanced beyond statutory maxium (sic).
>
> **Supporting Facts:** The defendant's right to a jury trial and to due process of law are violated where sentence is enhanced beyond statutory maximum based on judicial fact finding of elements never charged, admitted, or proven to a jury beyond a reasonable doubt.

(Petition, Doc. No. 7, PageID 46-49.)

In his Supplemental Motion to Amend, which the Court granted subject to any affirmative defenses to be raised in an amended return, Petitioner added the following claims:

> **GROUND #4:** The trial court abused its discretion, depriving petitioner of the Fourteenth Amendment of the United States Constitution.
>
> **SUPPORTING FACTS:** The trial court erred when it overruled the subpoena of Kelly Lynn Vaughn's ("purportedly alleged victim"),

> mental health records ("M.H.R.") without first conducting an in camera inspection, a deprivation of petitioner's Fourteenth Amendment right of the United States Constitution.

**GROUND #5:** Petitioner was denied the effective assistance of counsel guaranteed by the Sixth Amendment of the United States Constitution.

> **SUPPORTING FACTS:** Trial attorney (James F. Bogen), failed to keep petitioner informed of important developments, and to ask the trial court to create a Judgment entry overruling subpoena of the purportedly alleged victim's "M.H.R.", and seek an interlocutory appeal, a violation guaranteed by the Sixth Amendment of the United States Constitution. Trial counsel also failed to object to Megan E. Shanahan's (prosecuting attorney), argument opposing subpoena of "M.H.R." and to adequately prepare and/or offer any memorandum and case law authority supporting the position of the defense at the hearing. A Sixth Amendment violation of the United States Constitution.

> **GROUND #6:** The State failed to disclose evidence to the defense. A denial of petitioner's right to a fair trial; Fifth and Fourteenth Amendment of the United States Constitution.

> **SUPPORTING FACTS:** Megan E. Shanahan contended that the state opposed the subpoena, when Ohio Rules of Criminal Procedure, Criminal Rule 16(B)(1)(d) states: "Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, made in connection with the particular case, or copies thereof, available to or within the possession, custody or control of the state, the existence of which is known to the prosecuting attorney". A Kyles violation, denying petitioner the Fifth and Fourteenth Amendments of the United States Constitution.

(Doc. No. 35, PageID 621-622).

**Ground One**

In Ground One Petitioner claims he was denied a fair trial and due process of law because the trial judge permitted the jury to see photographs of the victim's genital area taken when she went to the hospital on the night of the incident in suit.

On direct appeal to the Hamilton County Court of Appeals, Petitioner argued this claim as a violation of Ohio R. Evid. 403, asserting that the photographs were more inflammatory than probative (Appellant's Brief, Ex. 8 to Return of Writ, PageID 105). No mention is made in the Brief of a denial of a fair trial or due process or any other claim under the United States Constitution.

In deciding the appeal, the Court of Appeals treated it solely as a question of Ohio evidence law and held:

> The photographs in this case depicted a bruise to the top of the victim's left hand, as well as vaginal tears, bruises, and lacerations to the victim's genital area. We conclude that the trial court could have reasonably found that the substantial probative value of each of the photos outweighed any prejudicial impact on the jury. The photographs illustrated the nurse examiner's testimony, provided a perspective of the victim's injuries, showed the force involved, and therefore helped to prove that the victim had been raped. Thus the trial court did not abuse its discretion in admitting these photographs into evidence. Moreover they were not so numerous that the court erred in admitting them all.

*State v. Souffrance*, Case No. C-060406 (Ohio App. 1st Dist. Jul. 11, 2007)(Ex. to Return of Writ, PageID 133-134.) Counsel cited only Ohio R. Evid. 403 in arguing this assignment of error and the Court of Appeals cited only state law in deciding it.

Respondent argues that Ground One for Relief presents only a question of state law and is therefore not cognizable in federal habeas corpus or, alternatively, that it was not fairly presented to

the Ohio Court of Appeals as a constitutional claim (Return of Writ, Doc. No. 10, PageID 67-68). Petitioner does not respond to this argument, but merely again cites Ohio R. Evid. 403 (Traverse, Doc. No. 48, PageID 712).

The Magistrate Judge agrees with Respondent that Ground One presents only a question of Ohio evidence law. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010)*;Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62 (1991).

The Magistrate Judge also agrees with Respondent that Ground One was not fairly presented to the state courts as a federal constitutional ground. To be preserved for federal review, a claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506 (6th Cir. 1993); *Riggins v. McMackin,* 935 F.2d 790 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322 at 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674,

681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995). In this case, however, Petitioner did not even use these so-called talismanic words in the Court of Appeals; there was literally nothing to notify them they were considering a federal constitutional question.

Finally, the Magistrate Judge agrees with Respondent on the merits of Ground One. Evidentiary questions generally do not rise to the constitutional level unless the error was so prejudicial as to deprive a defendant of a fair trial. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir.1988); *Walker v. Engle,* 703 F.2d 959, 962 (6th Cir. 1983); *Bell v. Arn,* 536 F.2d 123 (6th Cir., 1976); *Burks v. Egeler*, 512 F.2d 221, 223 (6th Cir. 1975). Where an evidentiary error is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief. *Bey v. Bagley*, 500 F.3d 514, 519-20 (6th Cir. 2007); *Bugh v. Mitchell,* 329 F.3d 496 (6th Cir. 2003), *citing Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2000). Courts have, however, defined the category of infractions that violate fundamental fairness very narrowly. *Bugh, quoting Wright v. Dallman*, 999 F.2d 174, 178 (6th Cir. 1993)(*quoting Dowling v. United States*, 493 U.S. 342, 352 (1990). "Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000)(*quoting Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)). The Supreme Court has defined very narrowly the category of infractions that violate fundamental fairness. *Bey v. Bagley*, 500 F.3d 514

(6th Cir. 2007), *citing Dowling v. United States*, 493 U.S. 342, 352 (1990)(Identification from a trial which resulted in an acquittal could be introduced at second trial for similarities.)  There is simply no unfairness or prejudice at all in allowing a nurse examiner to illustrate her testimony about vaginal tears and lacerations with photographs of what she is talking about and observed in the case in question.  The fact that, as Petitioner argues, no one denied that these tears and lacerations had happened does not make the evidence improper because the photographs were, as the Court of Appeals found, probative of what happened, more probative than the nurse's mere words would have been.

Petitioner spends most of that portion of his Traverse devoted to Ground One talking about ineffective assistance of trial counsel in failing to investigate whether the victim had been involved in a fight at her residence.  This is simply not part of Ground One as pled in the Petition.

Ground One should be dismissed with prejudice.

**Ground Two**

In Ground Two Petitioner asserts he received ineffective assistance of appellate counsel. While the face of the Petition is vague as to what issues Petitioner claims his appellate counsel should have raised, he makes clear in the Traverse that it is the claim he initially raised as his Proposition of Law No. 3 in the Ohio Supreme Court, to wit, that the trial court imposed a sentence in excess of the presumptive sentence prescribed by Ohio law without proper fact-finding by a jury by proof beyond a reasonable doubt.

Respondent agrees this claim is preserved for merit review (Supplemental Return of Writ,

Doc. No. 42, PageID 640-641).

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial, counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). Counsel must be appointed on appeal of right for indigent criminal defendants. *Douglas v. California*, 372 U.S. 353 (1963); *Anders v. California*, 386 U.S. 738 (1967); *United States v. Cronic,* 466 U.S. 648 (1984). The right to counsel is limited to the first appeal as of right. *Ross v. Moffitt*, 417 U.S. 600 (1974). The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751-52. (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."). Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). *Williams v. Bagley,* 380 F.3d 932, 971 (6th Cir. 2004)*;See Smith v. Murray*, 477 U.S. 527 (1986).

Petitioner argues that because the issue raised by the omitted assignment of error "is currently the subject of intensive litigation," (Traverse, Doc. No. 48, PageID 713), his counsel had "no excuse for failing to raise the issue, ..." *Id.* However, as discussed below under Ground Three, the claim is without merit and therefore Petitioner suffered no prejudice from his attorney's failure to raise it. The second Ground for Relief should therefore be dismissed with prejudice.

**Ground Three**

In his third Ground for Relief, Petitioner asserts his sentence was enhanced beyond the statutory maximum based on judicial fact finding of elements not contained in the charging document or proven to a jury beyond a reasonable doubt.

It is a violation of the United States Constitution for a state court to impose a sentence enhanced beyond the maximum sentence provided by the legislature on the basis of facts found by a judge, rather than by a jury. *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Furthermore any fact which increases the sentence beyond a legislatively-mandated guideline, even if within a statutory maximum for the offense, must be pled as an element in the indictment and proved to the jury beyond a reasonable doubt. *Blakely v. Washington*, 542 U.S. 296 (2004).

Under Ohio's determinate sentencing scheme, adopted in S.B. 2 in 1996, a defendant was required to be sentenced to the minimum sentence provided in the statute unless a judge made additional findings of fact to justify a greater sentence, albeit one within the statutory maximum. The Ohio Supreme Court recognized that *Blakely* made S.B. 2 unconstitutional. *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006). To remedy the constitutional violation, the Ohio Supreme Court severed those portions of the statute which required judicial fact finding and provided that, after Foster, Ohio judges could, at their discretion and without additional fact finding, impose any sentence within provided by the legislature. *Foster, supra.*

*Foster* was handed down February 27, 2006; Petitioner was sentenced April 14, 2006, about six weeks after the *Foster* decision (Judgment Entry, Ex. 4 to Return of Writ, PageID 89). As Petitioner correctly notes (Traverse, Doc. No. 48, PageID 714), the Judgment Entry contains no

findings of fact to explain why the sentence imposed is more than the three-year mandatory minimum for a first-degree felony in Ohio. However, the sentence is well within the statutory maximum provided for a first-degree felony.

A great deal of litigation of *Blakely-Foster* issues has occurred in both the Ohio state and federal courts since Petitioner was sentenced. None of it, however, entitles Petitioner to relief. By excising the requirement for judicial fact-finding, the Ohio Supreme Court in *Foster* cured the constitutional defect in Ohio's sentencing scheme exposed by *Blakely*, and Petitioner was sentenced after *Foster* was handed down. He points to no federal constitutional decisions which would make his sentence unconstitutional and in fact *Foster* parallels the cure for the federal Sentencing Guidelines adopted by the United States Supreme Court. *United States v. Booker*, 543 U.S. 220 (2005).

Ground Three for Relief is without merit and should be dismissed with prejudice.

## Grounds Four, Five, and Six

Grounds Four, Five, and Six were added to the case by Petitioner's Supplemental Motion to Amend (Doc. No. 35) which Petitioner filed January 25, 2011. The Court granted the Motion without prejudice to any defenses the Respondent might have, and Respondent now asserts these claims are all barred by the statute of limitations.

28 U.S.C. §2244 (d), added to habeas corpus jurisprudence by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent concedes that the original Petition herein was timely when filed in March, 2009, but notes that the amendments were not made until January, 2011, nearly two years later.

Grounds Four, Five, and Six all relate to the failure to the trial court to subpoena the mental health records of the victim, Kelly Vaughn. In Ground Four Petitioner complains of trial court error in this regard, in Ground Five of ineffective assistance of trial counsel in failing to press for the records, and in Ground Six of prosecutorial misconduct in failing to disclose the records.

Petitioner asserts (Traverse, Doc. No. 48, PageID 717) that he did not learn of these three Grounds for Relief until Judge Spiegel granted him access to the trial transcripts in October, 2010 (See Doc. No. 23). Presumably he is claiming that the amendment is timely because it was made

within ninety days of the time he was furnished with the transcript.

The Magistrate Judge concludes that argument is not well taken. Petitioner certainly knew at the time of trial that the mental health records of the victim were not introduced into evidence, even though he was not present for the in-chambers argument in issuance of a subpoena. While the trial transcripts provide additional evidence of the way in which this issue was handled in the trial court, they do not disclose the issue for the first time to the Petitioner. The trial court transcript shows the issue was raised in the context of a hearing about the competency of the complaining witness at the time of trial. Petitioner's counsel sought her medical records for three to five years before the date of the hearing (December 21, 2005) and Judge Davis found they were irrelevant to the hearing in progress, which was about the witness' current competency to testify.[1] Because Petitioner knew of the underlying issue – failure to have the victim's mental health records at trial – at least as of the time the trial concluded, he is not entitled to have the statute of limitations on Grounds Four, Five, and Six run from the date he was furnished the trial transcripts in this Court.

Petitioner does not make any argument that the amendments relate back to the date of the original filing. Had he done so, the argument would be overcome by Respondent's analysis of *Mayle v. Felix*, 545 U.S. 644 (2005). Simply stated, the facts supporting Grounds Four, Five, and Six are quite distinct from those supporting Grounds One, Two, and Three.

Grounds Four, Five, and Six should be dismissed as barred by the statute of limitations.

---

[1] The transcript also shows that Petitioner was offered an opportunity to be present during the hearing and declined to do so, so that anything which occurred during the hearing which he did not know about was the result of his intentionally not being present, undermining his claim of due diligence.

**Conclusion**

In accordance with the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied any requested certificate of appealability. Because any appeal would be objectively frivolous, the Court should certify that conclusion to the Court of Appeals and deny Petitioner leave to appeal *in forma pauperis*.

May 14, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).