# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

SIDNEY SOUFFRANCE,

    Petitioner,

          -vs-

WARDEN, Lebanon Correctional
 Institution,

    Respondent.

:  Case No. 1:09-cv-217

:  District Judge S. Arthur Spiegel
   Magistrate Judge Michael R. Merz

:

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS; DECISION AND ORDER

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 52) to the Magistrate Judge's Report and Recommendations (Doc. No. 50) recommending that the Petition be dismissed. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed. The case is also before the Court on Petitioner's Motion to Stay and Abey (Doc. No. 53).

Six grounds for relief are at issue in this case:

> **GROUND ONE**: Where trial court admits gruesome and sexually explicit photographs that's more inflammatory than probative, defendant's right to a fair trial and due process of law are violated.
>
> **Supporting Facts:** The state should not have admitted into evidence, State exhibits – 8-13 which explicitly dipict [sic] Ms. Vaughn's genital area to show various bruises and anomalies. Neither side disputes their existence, but only how they occurred. The testimony of Nurse Porter was sufficient to support the states case in that regard, and the introduction of the photos was nothing more than prurient and gratuitous inflamation of the jury.

>**GROUND TWO:** Ineffective assistance of counsel.
>
>**Supporting Facts:** Appellate counsel failed to raise significant and obvious issues of constitutional magnitude, and is ineffective within the meaning of the constitution.
>
>**GROUND THREE:** Sentence in a criminal case is enhanced beyond statutory maxium (sic).
>
>**Supporting Facts:** The defendant's right to a jury trial and to due process of law are violated where sentence is enhanced beyond statutory maximum based on judicial fact finding of elements never charged, admitted, or proven to a jury beyond a reasonable doubt.

(Petition, Doc. No. 7, PageID 46-49.)

>**GROUND #4:** The trial court abused its discretion, depriving petitioner of the Fourteenth Amendment of the United States Constitution.
>
>**SUPPORTING FACTS:** The trial court erred when it overruled the subpoena of Kelly Lynn Vaughn's ("purportedly alleged victim"), mental health records ("M.H.R.") without first conducting an in camera inspection, a deprivation of petitioner's Fourteenth Amendment right of the United States Constitution.

**GROUND #5:** Petitioner was denied the effective assistance of counsel guaranteed by the Sixth Amendment of the United States Constitution.

>**SUPPORTING FACTS:** Trial attorney (James F. Bogen), failed to keep petitioner informed of important developments, and to ask the trial court to create a Judgment entry overruling subpoena of the purportedly alleged victim's "M.H.R.", and seek an interlocutory appeal, a violation guaranteed by the Sixth Amendment of the United States Constitution. Trial counsel also failed to object to Megan E. Shanahan's (prosecuting attorney), argument opposing subpoena of "M.H.R." and to adequately prepare and/or offer any memorandum and case law authority supporting the position of the defense at the hearing. A Sixth Amendment violation of the United States Constitution.
>
>**GROUND #6:** The State failed to disclose evidence to the defense. A denial of petitioner's right to a fair trial; Fifth and Fourteenth Amendment of the United States Constitution.

> **SUPPORTING FACTS:** Megan E. Shanahan contended that the state opposed the subpoena, when Ohio Rules of Criminal Procedure, Criminal Rule 16(B)(1)(d) states: "Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, made in connection with the particular case, or copies thereof, available to or within the possession, custody or control of the state, the existence of which is known to the prosecuting attorney". A Kyles violation, denying petitioner the Fifth and Fourteenth Amendments of the United States Constitution.

(Supplemental Motion to Amend, Doc. No. 35, PageID 621-622).

### Ground One

In Ground One Petitioner claims he was denied a fair trial and due process of law because the trial judge permitted the jury to see photographs of the victim's genital area taken when she went to the hospital on the night of the alleged rape on which Petitioner was convicted. The Report recommends dismissing this Ground for Relief because it was presented to the state courts solely as a matter of state evidentiary law and thus not "fairly presented" to those courts as a constitutional claim. (Report and Recommendations, Doc. No. 50, PageID 790-793.) A federal habeas court cannot review a state court decision on a question of state law, but can only grant relief for federal constitutional violations. 28 U.S.C. § 2254(a).

In his Objections, Souffrance implicitly acknowledges that no federal constitutional claim was made on direct appeal. He then attempts to excuse this procedural default by claiming it results from ineffective assistance of appellate counsel in that his appellate counsel did not present on appeal this constitutional claim which was preserved by trial counsel.

Attorney error amounting to ineffective assistance of counsel can constitute cause to excuse a procedural default. *Murray v. Carrier,* 477 U.S. 478, 488 (1985); *Howard v. Bouchard,* 405 F.3d 459, 478 (6th Cir. 2005); *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999); *Gravley v. Mills,* 87 F.3d 779, 785 (6th Cir. 1996). However, *Murray v. Carrier* also holds that the exhaustion doctrine "generally requires that a claim of ineffective assistance of counsel be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default in federal habeas proceedings." 477 U.S. at 489; *See also Ewing v. McMackin*, 799 F.2d 1143, 1149-50 (6th Cir. 1986). The ineffective assistance claim cannot be presented as cause if it was procedurally defaulted in the state courts, unless one of the standard excuses for that procedural default exists, to wit, actual innocence or cause and prejudice. *Edwards v. Carpenter,* 529 U.S. 446 (2000)*, overruling Carpenter v. Mohr*, C-2-96-447 (S.D. Ohio, 1997), *aff'd.*, 163 F.3d 938 (6th Cir. 1998).

Mr. Souffrance has procedurally defaulted his ineffective assistance of appellate counsel claim because he has never presented it to the state courts and the time within which he could have done so has now expired. Ohio R. App. P. 26(B) provides the procedure for making a claim of ineffective assistance of appellate counsel in Ohio. Under that Rule, an application for reopening must be made within ninety days of final judgment in the court of appeals. That time has long since passed.

Petitioner spends a great deal of space in his Objections reciting his own view of what happened between him and the victim, but that recitation is not evidence in the case which was before the state courts.

Petitioner's Ground One for Relief is procedurally defaulted for failure to present it to the

state court of appeals as a federal constitutional claim. Petitioner's claim of ineffective assistance of appellate counsel as excusing cause is also procedurally defaulted. Ground One should be dismissed with prejudice.

**Ground Two**

In Ground Two Petitioner asserts he received ineffective assistance of appellate counsel.

In the Report and Recommendations, the Magistrate Judge analyzed this Ground for Relief as being the claim Petitioner initially raised as his Proposition of Law No. 3 in the Ohio Supreme Court, to wit, that the trial court imposed a sentence in excess of the presumptive sentence prescribed by Ohio law without proper fact-finding by a jury by proof beyond a reasonable doubt.

In his Objections, however, Petitioner argues that his ineffective assistance of appellate counsel claim is appellate counsel's failure to carry forward to the court of appeals the constitutional objection made to the photographs of the victim's genitals, the same claim he made to excuse his procedural default on Ground One. In this portion of the Objections, he relies on *Carpenter v. Mohr, supra*, but does not note the fact that it has been overruled by the Supreme Court in *Edwards v. Carpenter, supra.*

Petitioner also argues at some length that the jury should not have been permitted to see the photographs of the victim's genitals because it is not something that they, as lay jurors, would not be accustomed to seeing (Objections, Doc. No. 52, PageID 808). However, there is no testimony that the photographs do not accurately depict the victim's genital region and they were not presented without expert explanation by the nurse examiner. Jurors are frequently, indeed in most trials, called

upon to assess evidence with which they are not familiar. There is no denial of due process in asking them to do so. Petitioner's argument that it was unfair to ask a lay jury to assess this evidence, if accepted, would undercut the whole notion of lay juries.

The second Ground for Relief is without merit and should therefore be dismissed with prejudice.

### Ground Three

In his third Ground for Relief, Petitioner asserts his sentence was enhanced beyond the statutory maximum based on judicial fact finding of elements not contained in the charging document or proven to a jury beyond a reasonable doubt.

This Ground for Relief was previously argued as a failure of the trial court to sentence Petitioner to the minimum sentence provided by law without making additional findings of fact as required by S.B. 2. In the Report and Recommendations, the Magistrate Judge recommended dismissing this claim because the Ohio Supreme Court removed this requirement from Ohio law in *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006). As noted in the Report and Recommendations, the sentence is well within the statutory maximum prescribed by Ohio law.

In his Objections, Petitioner abandons his *Foster* claim and instead asserts that he was found guilty of preventing the victim's resistance by administering marijuana and there was no physical evidence of marijuana ingestion, such as a toxicology report. (See Objections, Doc. No. 52, PageID 811.) However, Mr. Souffrance was convicted of rape by force in violation of Ohio Revised Code § 2907.02(A)(2), not by use of drugs. In any event, the victim, Ms. Vaughn's, testimony about the

use of marijuana is legally sufficient to prove it was involved; no toxicology report was necessary.

Ground Three for Relief is without merit and should be dismissed with prejudice.

### Grounds Four, Five, and Six

Grounds Four, Five, and Six were added to the case by Petitioner's Supplemental Motion to Amend (Doc. No. 35) which Petitioner filed January 25, 2011. The Magistrate Judge recommended they be dismissed as barred by the statute of limitations (Report and Recommendations, Doc. No. 50, PageID 797-799).

Petitioner argues the statute of limitations does not apply because he did not get trial transcripts until they were ordered produced in this Court. The critical fact is that he knew, at least as of the time of trial, that his counsel did not have Ms. Vaughn's mental health records to present to the jury and that he wanted them presented because he alleges that she had, on a prior occasion, lied about a rape to get herself out of trouble for missing a curfew (Objections, Doc. No. 52, PageID 813.) The trial was far more than a year before the time he amended his Petition to add these claims, none of which relate back to the original filing because they are quite different from the original claims. See *Mayle v. Felix*, 545 U.S. 644 (2005).

It is therefore again respectfully recommended that the fourth, fifth, and sixth claims be dismissed as barred by the statute of limitations.

**Exhaustion and Stay**

On March 6, 2008, Petitioner filed a motion for leave to file in the Ohio courts an untimely petition for post-conviction relief. That Motion and exhibits in support are attached to the Return of Writ as Exhibit 16. As of the time the Return was filed (July 8, 2009), the Hamilton County Common Pleas Court had taken no action on the Motion (Return of Writ, Doc. No. 10, PageID 61). Then on May 4, 2010, Souffrance filed a Motion for Leave to File an **Amended** Untimely Post Conviction Petition (Exhibit 1 to Amended Return of Writ, Doc. No. 42, PageID 650-671). On June 18, 2010, the trial court denied that amended motion (Ex. 2 to Amended Return of Writ, Doc. No. 42, PageID 672). Mr. Souffrance now advises this Court that he has appealed to the Hamilton County Court of Appeals (Objections, Doc. No. 52, 812). Mr. Souffrance claims that he filed a "motion for delayed appeal on post-conviction" April 25, 2011 which was granted May 18, 2011, referencing Case No. C110231; he attaches no copies, but the Clerk's docket confirms the existence of a case involving Mr. Souffrance with that case number pending before the First District Court of Appeals.

The claim Mr. Souffrance asserts in his Amended Post-Conviction Petition is ineffective assistance of trial counsel for failure "to investigate witnesses that would have undermined the confidence of the verdict." (Ex. 1 to Doc. No. 42, PageID 650.) He also pleads his conviction is "void due to preindictment delay." *Id.* at 651.

These grounds for relief are not pled here either in the Petition or the Supplemental Motion to Amend. Therefore this Court does not have before it a "mixed" petition with exhausted and unexhausted claims. While this Court has the authority to stay this case pending Mr. Souffrance's

exhaustion of his appeal in the First District Court of Appeals, it would be pointless to do so because those claims are barred by the statute of limitations. Indeed the one year statute of limitations on those claims ran long before Mr. Souffrance filed his Amended Motion in May, 2010. In confirming our authority to grant stays in habeas cases, the Supreme Court wrote:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). While Petitioner's unexhausted claims are not "plainly meritless" in the sense that they do not state a possible constitutional claim, this Court cannot reach the merits because of the statute of limitations.

Therefore Petitioner's Motion to Stay and Abey is denied.

June 30, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).