UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SIDNEY SOUFFRANCE, :
:
: NO. 1:09-CV-00217
    Petitioner, :
:
  v. : **OPINION & ORDER**
:
WARDEN, LEBANON CORRECTIONAL :
INSTITUTION, :
:
    Respondent. :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 50), Petitioner's Objection (doc. 52), the Magistrate Judge's Supplemental Report and Recommendation (doc. 54), and Petitioner's Objection (doc. 56). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Reports and Recommendations and DENIES Petitioner's Petition with prejudice.

**I.  Background**

A jury in the Hamilton County, Ohio Court of Common Pleas found Petitioner guilty of one count of rape, and the court sentenced Petitioner on April 19, 2006 to seven years of incarceration (docs. 48, 50). After his conviction was affirmed on appeal, Petitioner appealed pro se to the Ohio Supreme Court, contending 1) the trial court admitted gruesome and sexually explicit photographs that were more inflammatory than probative, in violation of his due process rights; 2) his appellate counsel was

ineffective for failing to raise obvious constitutional issues on appeal; and 3) his right to a jury trial and due process were violated as his sentence was enhanced beyond the statutory maximum based on judicial fact-finding of elements never charged, admitted, or proven to a jury beyond a reasonable doubt (doc. 50). The Ohio Supreme Court declined to exercise jurisdiction (Id.).

On March 25, 2009, Petitioner filed a pro se petition for a writ of habeas corpus alleging three grounds for relief, mirroring those above that he had taken to the Ohio Supreme Court (docs. 1,7). Respondent filed an initial return of writ on July 8, 2009 (doc. 10). Petitioner filed various motions to amend which the Court denied in greater part, and Respondent was ordered to file an amended or supplemental return of writ, which it did on March 1, 2011 (doc. 42). Petitioner filed his Traverse on April 5, 2011, (doc. 48), and the case became ripe for decision. The Magistrate Judge reviewed all the pertinent documents and issued his Reports and Recommendations (docs. 50,54). Petitioner has filed his Objections (docs. 52, 56) such that this matter is ripe for the Court's consideration.

**II. Analysis**

In addition to the original three grounds of relief in the Petition, the Magistrate Judge noted that Petitioner added three additional grounds in his supplemental motion to amend, which the Court granted (doc. 50). As such, the Magistrate Judge

analyzed each of the six grounds, seriatum (Id.). For the sake of simplicity, this Court will address each ground, the objections thereto, and the Court's review, ground-by ground.

**A. Ground One**

As for Petitioner's first ground for relief, that the trial judge erred in permitting the jury to see photographs of the victim's genital area when she went to the hospital on the night of the alleged rape, the Magistrate Judge found well-taken Respondent's position that such ground only presented a question of state evidence law (Id.). Because federal habeas corpus is only available to correct federal constitutional violations, the Magistrate Judge found such question outside the province of the Court (Id. citing Estelle v. McGuire, 502 U.S. 62 (1991)). The Magistrate Judge further noted that ground one was not fairly presented to the state courts as a federal constitutional ground (Id.). Finally, the Magistrate Judge agreed with Respondent as to the merits of ground one (Id.). The Magistrate Judge found there is no unfairness or prejudice in allowing a nurse examiner to illustrate her testimony about vaginal tears and lacerations with photographs of what she is talking about and observed (Id.). The Magistrate Judge concluded such photos were simply probative of what happened, more probative than the nurse's mere words (Id.). Finally, the Magistrate Judge found Petitioner's additional arguments regarding whether the victim had been in a fight at her

3

residence no part of ground one as pled in the Petition (Id.). As such, the Magistrate Judge found ground one should be dismissed with prejudice (Id.).

Petitioner filed two sets of objections (docs. 52, 56), neither of which addressed the Magistrate Judge's conclusion that the issue of the admission of the photographs is one of state law, and is an issue never fairly presented to the state court as a constitutional issue.  It appears Petitioner contests the Magistrate Judge's finding that the photos were not so prejudicial so as to deprive him of a fair trial (doc. 52). Although the first two rationales cited by the Magistrate Judge are more than adequate so as to dismiss ground one with prejudice, the Court further agrees that the photographic evidence was probative of what the witness nurse testified to and had observed. As such, even if the question were fairly presented as a constitutional issue, it can serve as no basis for habeas relief.  The Court rejects Petitioner's arguments to the contrary.[1]  Finally, the Court also agrees that his claim of ineffective assistance of counsel as excusing cause for failure to present a constitutional issue based on the photographs is also procedurally defaulted, for failure to

---

[1] The Court further rejects Petitioner's theory that the prosecution was required to show photographic evidence of the "10%-13% cases" where people suffered small vaginal tears associated with consensual sex.  The jury heard testimony as to such issue, and was capable of weighing and assessing the evidence.

4

timely present such claim to the state court.  Ohio R. App. P. 26(B).

    **B.  Ground Two**

In ground two of his Petition, Petitioner asserts he received ineffective assistance of appellate counsel.  The Magistrate Judge noted that Petitioner originally raised such ground before the Ohio Supreme Court based on the theory that the trial court imposed a sentence in excess of the presumptive sentence under Ohio law, without fact-finding by a jury by proof beyond a reasonable doubt (doc. 54).  However, in his Objections, Petitioner grounded his ineffective assistance of counsel claim based on such counsel's failure to bring a constitutional objection based on the photographs, the same argument he advanced to excuse his procedural default on ground one (Id.).  The Magistrate Judge further rejected Petitioner's theory that the jury should not have seen the photos because as lay jurors, the images were not something they would be used to seeing (Id.).  The Magistrate Judge noted that jurors are often confronted with evidence with which they are unfamiliar, and rejected ground two of the Petition as lacking in merit (Id.).

In his Objection, Petitioner contends he did not mean to put part of ground one's argument in ground two (doc. 56).  He then essentially reiterates that his counsel was ineffective in omitting "significant and obvious issues" on appeal (Id.).

5

The Court does not find the Magistrate Judge's analysis squarely addressed by Petitioner. Petitioner's ineffective assistance of counsel claim is based on a theory grounded in Blakely v. Washington, 542 U.S. 296 (2004). However, as noted by the Magistrate Judge, the Ohio Supreme Court remedied the portions of Ohio law that required judicial fact-finding on February 27, 2006, before Petitioner was even sentenced. State v. Foster, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006). Petitioner's lawyer was not required to raise every argument on appeal, Jones v. Barnes, 463 U.S. 745, 751-52, and in any event, Petitioner suffered no prejudice from his attorney's failure to raise the issue regarding fact-finding. There is no basis for a claim of ineffective assistance of counsel under the analysis of Strickland v. Washington, 466 U.S. 688 (1984). Petitioner's claim in ground two is lacking in merit.

**C. Ground Three**

Petitioner's third ground for relief in the Petition is the same as that addressed above in ground two, although rather than premised on ineffective assistance of counsel, he claims that judicial fact-finding deprived him of his right to a jury trial and due process. The Magistrate Judge noted that the judgment entry contains no findings of fact to explain why the sentence imposed was more than the three-year mandatory minimum for a first-degree felony in Ohio, but also noted that the sentence is well within the

statutory maximum provided for a first-degree felony (doc. 50).

In his first objection, Petitioner abandoned his <u>Blakely</u> claim, and instead asserts he was found guilty of preventing the victim's resistance by administering marijuana, and there was no physical evidence of that, such as a toxicology report (doc. 54). The Magistrate Judge found that Petitioner was convicted of rape by force, not by use of drugs, and that in any event, the victim testified about the use of marijuana such that no toxicology report was necessary (<u>Id</u>.).

In his Supplemental Objection, Petitioner reasserts his <u>Blakely</u> claim. However, Petitioner fails to recognize the Ohio Supreme Court's remedy in <u>State v. Foster</u>, 845 N.E. 2d 470, that such remedy took effect before he was sentenced, that his judgment entry did not include fact-finding, and that his sentence is well within the statutory maximum. The Court therefore finds the Magistrate Judge's analysis correct in all respects, and rejects Petitioner's ground three as lacking in merit.

   **D.  Grounds Four, Five, and Six**

Petitioner's remaining grounds all relate to the failure of the trial court to subpoena the mental health records of the victim, Kelly Vaughn (doc. 50). In ground four, Petitioner asserts trial court error in this regard, in ground five of ineffective assistance of counsel in failing to press for the records, and in ground six, prosecutorial misconduct in failing to disclose the

7

records (Id.). The Magistrate Judge found each ground barred by the statute of limitations, and found no basis for any of these grounds to relate back to the date of the original filing (Id.).

Having reviewed Petitioner's objections, the Court finds no basis to throw into question the Magistrate Judge's conclusion. Each of Petitioner's grounds four through six are barred by the statute of limitations. Petitioner knew at the time of trial that his counsel did not have the mental health records of the victim, and that Petitioner wanted them presented because he alleges she had, on a previous occasion, lied about a rape to get herself out of trouble for missing a curfew (doc. 54). The trial was far more than a year before the time he amended his Petition to add these claims, none of which relate back to the original claims. Accordingly, the Court adopts the Magistrate Judge's analysis in its entirety.

### III. Conclusion

Having reviewed this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned and correct. For the aforementioned reasons, this Court ADOPTS the Magistrate Judge's Reports and Recommendations (docs. 50, 54), and DENIES WITH PREJUDICE Petitioner's Petition for Writ of Habeas Corpus (docs. 1,7). The Court also DECLINES to issue a certificate of appealability with respect to the claims in all four grounds of the petition because a jurist of reason would not find it debatable

whether this Court is correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484-85, (2000).  Pursuant to 28 U.S.C. §1915(a)(3), this Court CERTIFIES that any appeal of this order will not be taken in good faith, and any application to appeal in forma pauperis will be DENIED.  Finally, the Court rejects all of Petitioner's Objections, and specifically DENIES as moot Petitioner's previous objections on the docket (docs. 32, 45).

SO ORDERED.

Dated: September 30, 2011        /s/ S. Arthur Spiegel

                                              S. Arthur Spiegel
                                              United States Senior District Judge